Matter of the Estate of FREDERICK A. VON BERNUTH, Deceased.

(Surrogate's Court, New York County, May, 1918.)

Transfer tax — taxes — evidence — personal property — appraiser — decedents' estates — appeal — Tax Law, § 221-b inserted by Laws of 1917, chap. 700.

In a transfer tax proceeding the burden of proof resting upon the personal representatives of the decedent of showing an assessment and payment of a personal property tax on investments during the period they were held by decedent is not met by evidence that a property tax was assessed against him.

Where on·such a proceeding there was no proof of payment of the tax prescribed by article·15 of the Tax Law but it was shown that decedent, who at the time of his death on August 15, 1917, was the owner of ten bonds of the appraised value of $10,000, was assessed for a personal property tax in the sum of $4,600 for the year 1917 and that a tax on this amount was paid, and it is conceded that on October 1, 1916, when said assessment was made, the decedent was the owner of the bonds in question, but it does not appear that they were the only personal property liable to taxation which decedent had in this state on that date, an order fixing the tax will be reversed and the appraiser's report remitted for the imposition of a tax upon the value of said bonds in accordance with the provisions of new section 221-b of the Tax Law, inserted by chapter 700 of the Laws of 1917, so as to provide for a tax upon the appraised inventory value of such investments unless the tax prescribed by article 15 of the Tax Law shall have been paid thereon for a period including the date of the death of decedent, " or unless the personal representatives of decedent are able to prove that a personal property tax was assessed and paid on such investment  *   *   *   during the period it was held by decedent."

APPEAL from an order assessing and fixing the transfer tax.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

John Larkin (Ralph S. Hull, of counsel), for executrix.

COHALAN, S.  The question presented by the appeal of the state comptroller is whether the proof submitted by the executrix of decedent's estate of an assessment against him for personal taxes is sufficient to exempt investments held by him from taxation under section 221-b of the Tax Law.

The decedent died on August 15, 1917. At the time of his death he was the owner of ten bonds of the appraised value of $10,000.

Section 221 of the Tax Law was amended by chapter 700 of the Laws of 1917 so as to provide for the imposition of a tax of five per cent upon the appraised inventory value of investments, unless the tax on such investments or secured debts prescribed by article 15 of the Tax Law shall have been paid for a period including the date of death of the decedent, '' or unless the personal representatives of decedent are able to prove that a personal property tax was assessed and paid on such investment or secured debt during the period it was held by decedent.'' There was no proof of payment of the tax prescribed by article 15 of the Tax Law, but the executrix proved that the decedent was assessed for a personal property tax in the sum of $4,600 for the year 1917, and that a tax on this amount was paid. It is conceded that on October 1, 1916, when the assessment was made, the decedent was the owner of the ten bonds appraised in this proceeding at $10,000.

The statute specifically places upon the personal representatives of a decedent the burden of proving that a personal property tax was assessed and paid on the investments during the period that they were held by him. It seems to me that this specific requirement is not fulfilled by the executrix showing that a property tax was assessed against the decedent. The purpose of the legislature in enacting the amendment above referred to was evidently to prevent, as far as possible, a continuance of the notorious evasion of the payment of personal property taxes. If it were held that proof of a personal property assessment of $1,000 would be sufficient to exempt from taxation under section 221-b investments having a value of $100,000, the purpose of the amendment would not be effectuated. The executrix contends that the assessors had the right to assess the ten bonds at $4,600; but she does not show

that the bonds were the only personal property liable to taxation which the decedent had in this state on October 1, 1916. As no deduction from the value of the bonds could be made for the debts of the decedent (Tax Law, § 336), it is difficult to see how the ten bonds could be assessed for $4,600, and the conclusion is almost irresistible that the ten bonds were not assessed by the assessors. If effect is to be given to the intention of the Legislature in enacting the amendment, the personal representatives of a decedent must show what property was submitted to the assessors for assessment; or, if it is not desired that such a disclosure should be made, the decedent in his lifetime should have paid the tax provided by section 331 of the Tax Law. Payment of that tax precludes the necessity of making the proof of assessment required by section 221-b. If, therefore, a person fails to pay the tax prescribed by section 331, he should not be heard to complain that the requirements of section 221-b are difficult of fulfillment. If section 221-b constituted an independent taxing provision, it should be strictly construed; but as it is merely alternative it should be construed so as to effectuate the obvious intention of the legislature. It seems to me, therefore, that the executrix failed to adduce proof that a personal property tax was assessed and paid on the ten bonds referred to in the report of the appraiser. The order fixing tax will therefore be reversed and the appraiser's report remitted to him for the purpose of imposing a tax upon the value of those bonds in accordance with the provisions of section 221-b of the Tax Law.

Order reversed.