In the Matter of the Appraisal of the Estate of JAMES M. BELDEN, Deceased, under the Acts in Relation to the Taxable Transfer of Property.

MEAD V. Z. BELDEN and JAMES JEROME BELDEN, Individually and as Executors, etc., of JAMES M. BELDEN, Deceased, and Others, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Fourth Department, November 12, 1919.

Tax — transfer tax — exemption of securities assessed for personal property tax — burden of proof — sufficiency of evidence — bonds, etc., secured by mortgage on New York real estate — exemption from transfer tax — section 330 of Tax Law construed — exemption as depending on date of mortgage — statutes — construction.

A personal representative of a decedent who claims that securities of the decedent are exempt from a transfer tax under section 221-b of the Tax Law on the ground that a personal property tax was assessed on said securities during the period they were held by the decedent, has the burden of establishing the fact of the assessment.

That burden is not satisfied by proof that the estate of the decedent had been for years assessed a personal property tax upon the general assessment rolls, but it must be made to appear that the assessors either made a direct assessment of the securities or that the securities were taken into account in making the general assessment.

The excepting clause of section 330 of the Tax Law most clearly and unequivocally takes out of the operation of the statute all bonds, notes, etc., secured by deed of trust or mortgage recorded in the State of New York on real

property situate wholly within the State, and as to such bonds, notes, etc., so secured a transfer tax is not assessable.

The exception contained in section 330 of the Tax Law applies to all bonds, notes, etc., secured by a deed of trust or mortgage recorded in the State of New York on real property situate wholly within the State regardless of the date of the execution and recording of said deed of trust or mortgage.

And, therefore, a transfer tax cannot be assessed against bonds, notes, etc., secured by a deed of trust or mortgage, although said deed of trust or mortgage was recorded prior to July 1, 1906, and was not subjected to a mortgage tax.

The court in construing statutes has the province of interpretation, but no function of statutory enactment.

APPEAL by Mead V. Z. Belden and James Jerome Belden, individually and as executors, etc., of James M. Belden, deceased, and others, from an order of the Surrogate's Court of the county of Onondaga, entered in the office of said Surrogate's Court on the 10th day of July, 1919, affirming a prior order fixing the transfer tax on the estate of James M. Belden, deceased.

*Edward L. Robertson*, for the appellants.

*Ernest I. Edgcomb*, for the respondent.

LAMBERT, J.:

This appeal comes up upon an agreed state of facts. It appears that in the estate of the deceased were several investments in bonds secured by a trust mortgage. Such investments aggregated slightly over $83,000 and had been held in the estate for years. Of this amount were bonds of the appraised value of $22,007.08 secured by mortgages upon real estate situate wholly within New York State and recorded in this State, but prior to July 1, 1906.

A tax thereon had been assessed by the appraiser and approved by the surrogate, under section 221-b of the Tax Law (as added by Laws of 1917, chap. 700) which imposes a five per cent tax upon investments of the class defined in article 15 (§ 330), unless the personal representatives of the decedent are able to prove that a personal property tax was assessed and paid on such investment during the period it was held by the decedent.

The decree is assailed upon two grounds, *i. e.*, *first*, upon the

claim that the personal representatives did prove that the personal property tax was paid on these investments during the period the same were held and managed by the trustees of the A. C. Belden Estate, of which estate these investments were a part; and *second*, that those bonds secured by mortgages recorded in this State are not investments of the class defined by section 330 of the Tax Law of the State, and hence not taxable under section 221-b.

In endeavoring to prove themselves within the excepting clause of section 221-b, the representatives did prove that the A. C. Belden Estate was for years assessed a personal property tax upon the general assessment rolls in the sum of $10,000. From this fact, it is argued that it must be presumed that the assessors in the performance of their duty ascertained the entire personal estate and fixed a value on it and that such value is not open to attack collaterally, and hence that the conclusion follows of the payment of a personal property tax within the meaning of section 221-b.

The statute clearly makes this proof a burden upon the representatives and that burden has not been met in this case.   There is not the slightest evidence in this record indicating that the assessors ever heard of these particular securities or that they did in fact ever assess same or take same into account in any manner.

Most clearly, the representatives have not met this burden. (*Matter of Von Bernuth*, 103 Misc. Rep. 522.)

The argument as to the investments secured by mortgages recorded within this State being outside the definitions of section 330 of the Tax Law (added by Laws of 1916, chap. 261, as amd. by Laws of 1917, chap. 700), is serious and vital.

Section 330 reads as follows: " The word ' investments,' as used in this article, shall include: Any bond, note, debt, debenture, equipment bond or note, or written or printed obligation, forming part of a series of similar bonds, notes, debts, debentures, written or printed obligations, which by their terms are payable one year or more from their date of issue and which are either secured by a mortgage, pledge, deposit, or deed of trust, of real or personal property, or both, or which are not secured at all; excepting bonds of this State or any civil division thereof and such bonds, notes, debts,

debentures, written or printed obligations, which are secured by a deed of trust or mortgage recorded in the State of New York on real property situated wholly within the State of New York;   *   *   *."

The excepting clause (the last clause of this section as above quoted) most clearly and unequivocally takes out of the operation of the statute all such notes, bonds, etc., secured by deed of trust or mortgage, recorded in the State of New York and on real property situate wholly within the State. There is not even room for argument but that this section reaches that result.

It is conceded that these particular obligations are secured by trust mortgages; that such trust mortgages are recorded within the State of New York and that the same covered real property situate wholly within the State. Hence every element of the exception is here present.

The department takes the position that this section in its excepting provisions should be construed as applying only to those mortgages which have paid a mortgage tax. Specifically, the argument is sought to be applied here, for the reason that each of these trust mortgages arose prior to the enactment of the Mortgage Tax Law and hence paid no mortgage tax. It is argued that to relieve such securities from taxation now, permits escape from all tax provisions and that such a result would be contrary to the general policy of the Legislature as evidenced by its various enactments.

We may concede that the Legislature intended to make securities of this class generally taxable and that, in framing this provision, such was the desire and intention. The complete answer, however, lies in the fact that they did not accomplish that purpose and result, if such purpose did exist. The enactment clearly carves out from its provisions certain classes of securities, and within the confines of that exception these securities clearly lie.

The courts are not at liberty to vary that classification nor to write into the statute some further provision. The court has the province of interpretation, but no function of statutory enactment. (*McCluskey* v. *Cromwell,* 11 N. Y. 593; *Matter of Starbuck,* 137 App. Div. 866; *Matter of Tilley,* 166 id. 243.)

There would seem, therefore, to be no warrant for the

assessing of this part of the tax, and the decree appealed from in that respect should be reversed, with costs, and the matter remitted to the surrogate for action.

All concurred.

That part of the order which assesses a tax against the executors of the estate of James M. Belden, deceased, is reversed, with costs, and the matter remitted to the surrogate for further proceedings in accordance with the opinion.