482 MATTER OF REISS.

Surrogate's Court, New York County, February, 1920.   [Vol. 110.

Matter of the Estate of SOLOMON REISS, Deceased.

(Surrogate's Court, New York County, February, 1920.)

Transfer tax — when claim for deduction disallowed — investment securities — executors and administrators — Tax Law, § 221-b.

> The requirement of section 221-b of the Tax Law that in a transfer tax proceeding personal representatives must prove that a personal tax was paid by their decedent on the investments referred to in said section, cannot be met by inferences or conclusions.

> Decedent died on January 21, 1919, and on the date when his personal taxes for that year were due, and thereafter paid by the executors, the only personal property subject to the tax, except certain investment securities which decedent owned at his death, was a balance in bank. *Held*, that a claim for a deduction for the difference between said balance and the personal property assessment was properly disallowed by the transfer tax appraiser, there being nothing in the record to show that the sum claimed as a deduction was the value of any particular investment or investments on which a personal tax had been paid.

APPEAL from an order entered upon the report of a transfer tax appraiser.

Adolph & Henry Bloch, for appellants.

Lafayette B. Gleason, for state comptroller.

FOLEY, S.   The executors of the above-named decedent appeal from the order entered on the report of the transfer tax appraiser on the ground hereinafter stated.

The decedent died January 21, 1919, leaving investment securities which the transfer tax appraiser values at the sum of $85,823.52. It appears that the

decedent was assessed for personal taxes for the year 1919 in the sum of $15,000 and that the tax was paid by one of the executors of his estate in the month of May, 1919. On the date when the personal tax was due the only property of the decedent liable to the tax, except the securities above referred to, was a bank balance of $5,695.92. The executors contended before the transfer tax appraiser that the sum of $9,304.08, being the difference between the bank balance and the personal tax assessment, should be deducted from the appraised value of the securities in fixing the tax imposed by section 221-b of the Tax Law. The claim was disallowed by the appraiser, and on the ground that he erred in this particular the executors have appealed.

One of the conditions prescribed by section 221-b, compliance with which relieves an estate from the payment of the five per cent tax imposed by the section, is that the personal representatives prove that a personal tax was paid on the investments. This requirement cannot be met by inferences or conclusions. It must be shown that the tax was paid on the particular securities. *Matter of Von Bernuth,* 103 Misc. Rep. 522; *Matter of Belden,* 189 App. Div. 417; *Matter of Mitchell,* N. Y. L. J. Dec. 26, 1919. The appellants have failed to sustain the burden placed on them by the statute. There is nothing in the record to show that the sum claimed as a deduction was the value of a particular investment or investments on which a personal tax was in fact paid. The order fixing tax is affirmed.

Order affirmed.